IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE KANE,<br>      Plaintiff | No. 3:08cv481 |
| v. | (Judge Munley) |
| COOK BROTHERS<br>COMPANIES, INC.,<br>      Defendant | |

## MEMORANDUM

Before the court for disposition is the Defendant Cook Brothers Companies Inc.'s motion to dismiss Plaintiff Terrence Kane's complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

Defendant Cook Brothers hired Plaintiff Kane as a warehouse manager on March 4, 2002 at an hourly rate of $10.00 per hour.  (Doc. 1, Complaint at ¶ 6).  During his employment, which ended on December 7, 2006, plaintiff was an hourly employee.  (Id. at ¶¶ 7-8).  His hours of work were from 7 a.m. to 5 p.m., Monday through Friday. (Id. at 9).   He was not allowed to take paid lunches or breaks.  (Id. at 10).  Plaintiff asserts that this policy violates the Federal Fair Labor Standards Act, Pennsylvania's Wage Payment Collection Law and is a breach of an implied contract. Hence, he filed the instant complaint raising those three counts.   In response to the complaint, the defendant filed a motion to dismiss pursuant to Rules 12(b)(6) the Federal Rules of Civil Procedure and a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  This motions are ripe for decision.

**Jurisdiction**

As this case is brought pursuant to Fair Labor Standards Act, (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, we  have jurisdiction under

28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendant's motion raises several issues that we will address separately.

**I. Failure to state claim under FLSA/ statute of limitations**

Plaintiff's first cause of action is under the FLSA, which provides that an hourly employee who works more than a forty (40) hour work week must be compensated for the excess hours at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a).

Defendant attacks this cause of action on the basis that plaintiff does not specifically allege what he was not paid, the number of hours in any given time period, and he further fails to specify the work week or pay periods at issue. Plaintiff responds that he cannot specify these matters because he does not possess the records. He argues that these records

can be provided by the defendant in discovery and that will clear up these issues.  We are in agreement with the plaintiff.  The complaint is sufficiently clear to put defendant on notice as to the general time period involved and discovery should enable the plaintiff to become more specific.  The motion to dismiss based on this ground will be denied.

Defendant also moves to dismiss the FLSA based upon the statute of limitations.  The statute of limitations under the FLSA is two years, extended to three where the employer acts willfully in violation of the statute.  29 U.S.C. § 255.  Plaintiff filed the instant complaint on March 16, 2008.  (Doc. 1).  Defendant asserts that the statute of limitations bars plaintiff from recovery for anything earlier than two years before he filed suit.   We find that this argument premature.  First, it is impossible to tell at this point, before discovery, whether the two-year or three-year statute of limitations applies.  To make such a determination, we must know whether the defendant's actions were willful.

Moreover, plaintiff raises the issue of equitable tolling.  He asserts in his complaint that he asked defendant's general manager why he was not paid for all of the hours he worked.  (Doc. 1, Complaint ¶ 11).   She replied that federal law required defendant to pay him as they did.  (Id. at ¶ 12).  Plaintiff asserts that this reply deliberately misled him with regard to his rights.   The law provides that equitable tolling of the statute of limitations may be appropriate where the employer's own acts "have lulled the plaintiff into foregoing prompt attempts to vindicate his rights." Meyer v. Riegel Products Corp., 720 F.2d 303, 309 (3d Cir. 1983).  At this early stage of the proceedings, therefore, many factual issues remain to be resolved.  It would be inappropriate to dismiss this case on the basis of statute of

3

limitations.

## II.  Breach of contract

The third count of plaintiff's complaint asserts a cause of action for breach of contract implied in fact.  Plaintiff asserts that the defendant's "policy on payment of overtime, as expressed in their Handbook, amounted to a contract implied in fact under Pennsylvania law." (Doc. 1, Compl. at ¶ 21).  The defendant's failure to pay the overtime is a breach of that contract according to the plaintiff.  (Id. at ¶ 22).   Defendant argues that these allegations do not support a finding of a contract implied in fact and that this count should be dismissed.

Plaintiff has actually mixed together two different legal theories.  The first is whether there is a contract implied in fact, and the second is whether a contract was created by the employee handbook.

Pennsylvania law provides that "[a] contract, implied in fact, is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in light of the surrounding circumstances." In re Home Protection Bldg. & Loan Ass'n, 17 A.2 755, 756 (Pa. Super. Ct. 1941).  Plaintiff cites In re Home Protection and Martin v. Little Brown and Co., 450 A.2d 984 (Pa. Super. Ct. 1982).  Neither of these cases deal with an employment situation like we are faced with in the instant case.

In Home Protection, the plaintiff undertook the work of real estate manager for the defendant without being expressly employed for the job. Home Protection, 17 A.2d at 756.  The court held:

> Generally, there is an implication of a promise to pay for valuable services rendered with the knowledge and approval of the recipient, in the absence of a showing to the contrary.  A promise to

>pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service.

Id. at 756-757.

It is not clear that plaintiff is actually asserting a contract implied in fact. He did work for the defendant, and he got paid. He merely asserts that he was not paid sufficiently. He avers that a contract to pay for these wages arose from the defendant's Handbook. Thus, in the instant case, it appears that plaintiff, rather than asserting a contract implied in fact, is asserting that a contract exists between him and the defendant as expressed in the defendant's Handbook.

In Quiles v. Financial Exhange Co., 879 A.2d 281 (Pa. Super. Ct. 2005), the Pennsylvania Superior Court examined the issue of whether the employee handbook in that case, which included a provision for arbitration of disputes between employees and the employer, created a contract. The court explained that:

>Nothing is better settled than that in order to constitute a contract there must be an offer on one side and an unconditional acceptance on the other. So long as any condition is not acceded to by both parties to the contract, the dealings are mere negotiations and may be terminated at any time by either party while they are pending. There must be a meeting of minds in order to constitute a contract. This doctrine is very familiar and has been recognized many times in our courts.

Id. at 285. The employee in Quiles indicated that she had never received the employee handbook. Id. at 285-86. Thus, a valid contract was not formed. Id. at 288. The contract was not offered to her, and she did not accept it. In the instant case, the complaint does not validly assert a breach of contract claim. The complaint merely states: "Cook Brothers'

5

policy on payment of overtime, as expressed in their Handbook, amounted to a contract implied in fact." (Doc. 1, Compl. ¶ 21). The complaint does not indicate whether this Handbook was provided to the plaintiff as an inducement to enter into the job, in other words, whether there was an offer and acceptance.

The Pennsylvania Supreme Court addressed this issue in <u>Morosetti v. La. Land & Exploration Co.</u>, 564 A.2d 151 (Pa. 1989). The court explained as follows: "A handbook distributed to employees as inducement for employment may be an offer and its acceptance a contract. . . . It is not sufficient to show only that they had a policy. It must be shown that they intended to offer it as a binding contract." <u>Id.</u> at 152-53. <u>See also</u> <u>Plebani v. Bucks County Emer. Med. Svcs.</u>, Civ.A.No. 03-5816, 03-6225; 2007 WL 4224365 *7 (E.D. Pa. Nov. 27, 2007) (citing <u>Quiles</u> and explaining that for an employee manual to create a contract there must be an offer on the one side and acceptance on the other).

Because plaintiff's complaint does not adequately set forth a cause of action for breach of contract, we will dismiss the count. We will, however, provide the plaintiff with an opportunity to amend the complaint to assert a proper cause of action for breach of contract.

**III. Failure to state a claim under the PWPCL/statute of limitations**

The plaintiff's second cause of action arises under the Pennsylvania Wage Payment and Collection Law (hereinafter "PWPCL"). According to the defendant, an employment contract is needed for the protections of the PWPCL to take effect. No employment contract is present here, and therefore, the PWPCL count should be dismissed.

Plaintiff's position is that a formal written contract is not necessary for

the PWPCL to apply and that the contract it alleges in Count III is sufficient to base a PWPCL claim on.

The Third Circuit Court of Appeals has held that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990). Accordingly, the PWPCL claim is viable only if plaintiff had a contract for the unpaid wages. Plaintiff asserts that he had a contract implied in fact for the wages he asserts are due as alleged in count III of the complaint. As discussed above, it is not clear from the complaint exactly what cause of action plaintiff asserts in Count III and whether plaintiff can in fact assert a cause of action upon which relief can be granted. As the viability of the PWPCL rests on the viability of Count II, we will grant the motion at this point, but allow the plaintiff to assert a PWPCL claim in his amended complaint if he asserts a valid breach of contract claim.[1]

## IV. More definite statement

Finally, defendant moves for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Defendant argues that plaintiff's complaint is vague and ambiguous and fails to put the defendant on notice of the claims in order for defendant to respond. We disagree.

The law provides that:

"A party may move for a more definite statement of a pleading to

---

[1] Defendant also raises a statute of limitations argument with regard to the PWPCL. This argument is similar to the argument discussed above with regard to the FLSA. For the reasons stated above with regard to the FLSA, we reject defendant's statute of limitations argument at this time with regard to the PWPCL.

7

which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. PRO. 12(e).

The complaint sets forth that plaintiff worked from 7 a.m. to 5 p.m., ten (10) hours a day, Monday through Friday, with no breaks.  He was not paid appropriate overtime according to the complaint.  These assertions are sufficiently detailed for the defendant to respond.  Moreover, as plaintiff points out, he is not in a position to be more specific at this point because he is not in possession of the work records held by defendant.  Accordingly, defendant's motion for a more definite statement will be denied.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted with counts II and III of the complaint.   Plaintiff, however, will be provided an opportunity to file an amended complaint that validly sets forth a breach of contract action and PWPCL.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRENCE KANE,** | : | No. 3:08cv481 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **COOK BROTHERS** | : | |
| **COMPANIES, INC.,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, to wit, this 23rd day of January 2009, the defendant's motion to dismiss (Doc. 4) is hereby **GRANTED** with regard to counts II and III of the complaint and **DENIED** in all other respects.  Plaintiff may file an amended complaint within fifteen (15) days of this order to properly plead these counts.  If an amended complaint is not filed, the counts II and III will remain dismissed, and the defendant should file an answer to count I.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**